*John H. Nolan*, Atty Gen., *Raymond F. Henderson*, special counsel, for State.

*McKiernan, McElroy & Going, Peter A. McKiernan*, for defendant.

WILLIAM A. CAHIR *et al. vs.* ARMAND H. COTE, SECRETARY OF STATE.

OCTOBER 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

See also 72 R. I. 198.

PER CURIAM. This is a petition for mandamus to require the respondent Armand H. Cote, as secretary of state, to place upon the diagram of the face of the voting machines, and upon the ballot labels to be inserted in the voting machines to be used in each of the respective wards of the city of Providence at the election to be held on Tuesday, November 5, 1946, the names of petitioners, as candidates of the Citizens' Independent Party, in one column and on the same lines as corresponding candidates of other political parties for the same offices.

The facts are undisputed. Petitioner William A. Cahir was duly nominated, upon nomination papers, as candidate of the Citizens' Independent Party for the office of mayor of the city of Providence to be voted upon at the election to be held on November 5, 1946, and his name, as such party's candidate, was certified by the board of canvassers and registration of that city to the respondent as secretary of state. The remaining petitioners, upon other nomination papers, were duly nominated as candidates of the Citizens' Independent Party for the offices of councilmen in certain wards of the city of Providence to be voted upon at said election and their names, as such party's candidates, were severally

certified by said board of canvassers and registration to the secretary of state. All these certificates, as filed with the secretary of state, showed the nominations of the petitioners under an identical party designation, namely, Citizens' Independent Party, and such certificates appeared to be otherwise regular and in the same form as other certificates of nominations that were filed with the secretary of state for corresponding candidates appearing on the city tickets of the Democrat and Republican parties.

It was conceded at the hearing before us that the respondent Cote in his official capacity has refused, solely on the ground that the petitioners' nominations were not certified to him as a group on one paper, to grant their formal request that, under the designation of Citizens' Independent Party, their names be placed in one column on the diagram and on the ballot labels to be inserted in the voting machines for use in the city of Providence at the election on November 5, 1946; and that he has proposed to place the name of the petitioner Cahir in one column and the names of the other petitioners in another column on said diagram and ballot labels.

Counsel for all parties agreed, at the hearing before us and at a later demonstration of one of the voting machines, that the method of voting a straight party ticket by means of one operation, as provided by general laws 1923, chapter 11, sec. 23, is still a part of our election laws and is now accomplished in the voting machines by one operation of the master lever, so called, appearing at the top of a political party's "perpendicular column", which operation will record a vote for each candidate in such column.

It also was conceded that the diagram and ballot labels which, under the law, are to be prepared by respondent Cote for use in the voting machines in the coming election will show the names of candidates on the city tickets of the Democrat and Republican parties in separate columns next to that of their respective state tickets; and that, in view of all the pertinent circumstances known to the secretary of state,

the demand of the petitioners involved no problem of impracticability in connection with the arrangement of the diagram, ballot labels and voting machines.

In these circumstances the only material question before us is whether, on this record, the petitioners have the right to be considered as candidates of one and the same political party and therefore to have their names placed by respondent Cote on the diagram and on the ballot labels in the voting machines so as to appear in one column and on the same lines with corresponding candidates of other political parties for the same offices.

The only competent evidence before the respondent Cote, according to the record here, was the petitioners' certificates of nomination as filed by the board of canvassers and registration. While these did not certify the nominations of the petitioners as a group on one paper, they all were nevertheless expressly certified as candidates, by virtue of nomination papers, for the various offices under one and the same party designation, namely, Citizens' Independent Party. These certificates were regular and similar in form to those filed for the nominations of corresponding candidates of other political parties for the same offices. No protest was made by anybody to the secretary of state to the effect that the petitioners were not all candidates of the same political party, or that they had no right to use the designation of Citizens' Independent Party. In the absence of protest or of competent evidence to the contrary, the secretary of state had no authority to speculate or to assume, in the face of this undisputed evidence, that the petitioners might have been nominated as individuals and not as candidates of the same political group or party. This is especially so where the petitioners claimed that they were candidates of one and the same political party and for that reason were demanding that their names be placed in one column on the ballot labels to be used in the voting machines.

In our view the petitioners, on this record, had complied with all the requirements of the election laws necessary to

entitle them to be considered as candidates of the Citizens' Independent Party for certain offices in the city of Providence to be voted upon at the election to be held on November 5, 1946. The spirit of the election laws requires that a political party that complies with the law in making its nominations of candidates is entitled to receive from the secretary of state, so far as reasonably practicable, the same general treatment that is given by him to other political parties in the matter of making up the diagram and ballot labels for use in the voting machines. The mere filing by the board of canvassers and registration of petitioners' certificates of nominations on different papers, without more, and the fact that the petitioner Cahir was nominated in some wards without any supporting nominations for councilmen cannot deprive a political party, otherwise complying with the existing law, of the general right to equality of treatment in the matter of voting facilities.

No provision, express or implied, has been pointed out by the respondent whereby, in the admitted circumstances here, he was authorized to refuse to give to the petitioners for their party the same general arrangement on the diagram and on the ballot labels which he proposed to give to the corresponding candidates of the Democrat and Republican parties for the same offices. If any discretion is vested in the secretary of state by law to cover a supposed case, as respondent appears to contend, the sufficient answer is that no such case or problem was presented on the record before him or before us. Based on the admitted facts, the secretary of state had no discretion to deny the petitioners' request and his duty was therefore ministerial. However, if it can be said that the law vested any discretion in him in this regard, it is clear that on this record it was exercisable only in one way, namely, by granting the petitioners' request.

The writ of mandamus will issue as prayed.

*George Roche,* for petitioners.

· *John H. Nolan,* Atty. G., *J. Frederick Murphy,* Asst. Atty. G., *William J. Counihan, Jr.,* for respondent.