ISAAC MOSES *vs.* ARMAND H. COTE, SECRETARY OF STATE.

OCTOBER 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

See also 72 R. I. 198.

PER CURIAM. This is a petition for mandamus to require the respondent Armand H. Cote, as secretary of state, to place upon the diagram of the face of, and on the ballot labels to be inserted in, the voting machines to be used at the election to be held in the city of Providence on November 5, 1946, the designation Good Government at the top of that political party's column.

The case was heard together with a substantially similar petition for mandamus brought by *William A. Cahir et al.* v. *Armand H. Cote, Secretary of State,* wherein our opinion 72 R. I. 188, has been filed on this date. The admitted facts are the same in each case. The only differences are: (1) The petitioner here was duly nominated, upon nomination papers, as the candidate of the Good Government party for

the office of mayor of the city of Providence without any supporting candidate having been nominated for councilman in any ward; and (2) petitioner specifically prays that the designation Good Government may appear at the top of his party's column on the ballot labels in the voting machines in place of the words "nomination papers".

In the *Cahir* case,; *supra,* we discussed the right of a political party, otherwise complying with the law in making its nominations, to receive from the secretary of state, so far as reasonably practicable, the same general treatment that is given by him to other political parties in the matter of making up the diagram of the face of, and the ballot labels for use in, the voting machines. We also held that such a political party did not forfeit its rights as above mentioned, merely because it nominated candidates for only one or some of the offices to be voted upon rather than for all of such offices. It follows, from what was held in the *Cahir* case, *supra,* that the petitioner, on this record, is the duly nominated candidate of the Good Government party for the office of mayor of the city of Providence; and that his party is entitled to have the designation of Good Government appear at the top of that party's column on the ballot labels to be used in the voting machines at the election to be held in the city of Providence on November 5, 1946.

The petitioner here, as in the *Cahir* case, also insists that the provisions of general laws 1923, chapter 11, sec. 23, relating, among other things, to the method of straight party voting by one operation, are still a part of our election laws. That statute also includes the following provision: "In case a nomination is made by nomination-papers, the words 'nom. papers' *shall be added* to the party name." (italics ours) If that be true, the petitioner has pointed out no statute or reason which entitles him to an order requiring the secretary of state to ignore its express provisions.

On this record, therefore, the petitioner is entitled to have the secretary of state place the designation of Good Government at the top of that party's column on the diagram and

on the ballot labels in the voting machines to be used at the election to be held in the city of Providence on November 5, 1946, such designation to be of the same type and on the same line as the designations Democrat and Republican; but the secretary of state has the right and duty, under the above-quoted statute, to add thereto the qualification "nom. papers".

The writ of mandamus, therefore, will issue in accordance with this opinion.

*Isadore S. Horenstein,* for petitioner.

*John H. Nolan,* Atty. G., *J. Frederick Murphy,* Asst. Atty. G., *William J. Counihan, Jr.,* for respondent.